### ABRAMSON v. RYALL et al.

(Supreme Court, Appellate Term, First Department.   June 28, 1916.)

1. EVIDENCE ⟨⟩162(2)—TESTIMONY AS TO ENTRIES IN COURT RECORDS—COMPETENCY.
   Testimony as to the contents of court docket by witness who examined same *held* incompetent to show assignment of judgment by judgment creditor.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 537; Dec. Dig. ⟨⟩162(2).]

2. ATTORNEY AND CLIENT ⟨⟩26—LIABILITY OF ATTORNEY—TORTS OF CLIENT.
   An attorney for a judgment creditor is not liable for the wrongful act of his client in accepting payment in settlement of a judgment lien after having assigned such lien.

   [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 38, 39; Dec. Dig. ⟨⟩26.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Joseph G. Abramson against George Ryall and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

George Ryall, of New York City, for appellants.

Joseph G. Abramson, of New York City, for respondent.

PHILBIN, J. The complaint sets forth that the plaintiff paid the defendants the sum of $40 for a release of certain real estate from

---

the lien of a judgment entered against one Jacob Hoffman and others at the suit of a corporation known as Bogen, Berman & Co. It was claimed on the trial that the defendant corporation was at the time of the entry of the judgment so known, but had since regularly changed its name by an order of this court. There was no competent proof of such an order, or of any proceeding taken for that purpose. It is further alleged that prior to the payment by the plaintiff to the defendants, and the delivery of the release, the defendant corporation had assigned the judgment to Jacob Hoffman, and therefore had no title or interest in the judgment when it received the $40 from the plaintiff and released the lien.

The answer of the defendant company contained a general denial, and set up as a separate defense that the plaintiff was not the real party in interest. The defendant Ryall also put in a general denial, except as to the entry of the judgment. He alleged the same separate defense, and in addition claimed that he acted throughout the matter of the release simply as the attorney for the Bogen, Berman & Co.

[1] On the trial the only attempt by the plaintiff to prove that that company had parted with title to the judgment prior to the giving of the release was the testimony of a clerk of plaintiff's attorney, who was allowed to state that he had examined the docket, and that it was noted thereon that the judgment had been assigned to Jacob Hoffman. Objection and exception were duly taken by the defendants to the testimony. A clerk of the court where the docket was kept was likewise allowed, over defendants' objection and exception, to state that the docket noted an assignment of the judgment, but he could not say it was by Bogen, Berman & Co.

[2] The denials of the defendants put the plaintiff upon his proof as to his entire case, and he failed to sustain it. It clearly appeared that there was no liability on the part of the defendant Ryall, as he was shown to be acting only as the attorney for the judgment creditor, Bogen, Berman & Co. There was no competent evidence that the latter was not the owner of the judgment at the time the release was given. Further, the claim that the defendant corporation was the judgment creditor rested merely upon the inference to be drawn from the similarity of its name with that of the latter, which was wholly insufficient to establish the alleged fact.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.